UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIN NGO, | No. 2:12-cv-2544-MCE-EFB P |
| Petitioner, | |
| v. | |
| GARY SWARTHOUT, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss on the grounds that the petition is untimely. ECF No. 14. For the reasons that follow, the motion must be granted.

**I.    Background**

On September 12, 2003, petitioner was convicted in Sacramento County Superior Court of three counts of assault with a semi-automatic firearm (with three enhancements for use-of-a-firearm) and one count of shooting at an inhabited dwelling. ECF No. 1 at 1-2. He received a sentence of 18 years, four months in prison. *Id.* The judgment was affirmed on direct appeal on November 8, 2004. *Id.* at 2. The California Supreme Court denied review on January 12, 2005. *Id.*

Petitioner thereafter filed three state habeas petitions. *Id.* at 3. The first was filed on August 11, 2011 in Sacramento County Superior Court and denied on September 26, 2011. *Id.*;

ECF No. 15 (Notice of Lodging Document in Paper), Lodg. Docs. 5 & 6.  The second was filed in the California Supreme Court on November 15, 2011 and denied on May 23, 2012.  ECF No. 1 at 4; Lodg. Docs. 7 & 8.  The third was filed in the California Supreme Court on July 1, 2012 and denied November 14, 2012.  Lodg. Docs. 9 & 10.  Petitioner filed this federal petition on October 9, 2012.  ECF No. 1 at 126.

## II.     The Limitations Period

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review, (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court initially recognizes a constitutional right and makes the right retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).

### A.     Statutory Tolling

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled, and remains tolled for the entire time that application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court that elaborates on the claims raised in the lower-court petition (rather than raises different claims).  *Stancle v. Clay,* 692 F.3d 948, 953 (9th Cir. 2012); *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A federal habeas application does not provide a basis for statutory tolling.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  Nor does a state petition filed after the federal limitations period has expired.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

**B.     Equitable Tolling**

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2554, 2562 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id*.

**III.     Analysis**

Petitioner's conviction became final when his time for seeking direct review (by petitioning the U.S. Supreme Court after the California Supreme Court denied review) expired. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). That date occurred 90 days after the California court's January 12, 2005 denial of review, on April 12, 2005. *Id.* Thus, petitioner had until April 12, 2006 to file his federal petition, unless he shows that a later start date applies under § 2244(d)(1) or that there is a basis for tolling the limitations period.

Petitioner first argues that the limitations period should begin in 2012, when the U.S. Supreme Court issued decisions in *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012). These cases addressed ineffective assistance of counsel during plea bargaining, and petitioner asserts in one claim that his trial counsel rendered ineffective assistance at that stage. The U.S. Court of Appeals for the Ninth Circuit has held that neither *Lafler* nor *Frye* recognized a new constitutional right, but rather applied the established *Strickland v. Washington* test. *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012). Thus, the cases do not provide a basis for a later limitations-period start-date under § 2244(d)(1)(C). *Baker v. Ryan*, 497 Fed. Appx. 771, 773 (9th Cir. 2012).

Petitioner next argues that the limitations period should be equitably tolled because: (1) his attorney on direct appeal rendered ineffective assistance by incorrectly informing petitioner

3

1  that all viable claims had been raised and (2) petitioner's limited legal knowledge and lack of law
2  library access from the time he was sentenced through the end of 2010 prevented him from filing
3  his federal petition.

4      The alleged ineffective assistance of petitioner's appellate counsel does not provide a
5  basis for equitable tolling.  Equitable tolling is appropriate only where extraordinary
6  circumstances beyond a petitioner's control make it impossible for him to file his petition timely.
7  *Randle v. Crawford*, 605 F.3d 1047, 1057 (9th Cir. 2010).  Petitioner does not describe how his
8  appellate counsel's alleged ineffective assistance prevented the filing of his federal habeas
9  petition.  Rather, petitioner avers that it was lack of legal sophistication and law library access
10 (which prevented him from recognizing the alleged ineffective assistance) that prevented his
11 timely filing, not the ineffective assistance itself.  ECF No. 16 at 13, 23-26.

12     Unfortunately for petitioner, the Ninth Circuit has held that "a pro se petitioner's lack of
13 legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."
14 *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Furthermore, petitioner has failed to
15 show that his access to the law library from the time of his conviction through the end of 2010
16 was so limited as to prevent him from filing his petition.  Petitioner avers that there were eight
17 specific lockdowns at his institutions between 2003 and 2009, totaling seven months and one
18 week in duration.  ECF No. 16 at 25.  Petitioner additionally vaguely declares that "[t]he violence
19 continued on and on" and that, whenever there was a violent incident, "every inmate would get
20 recalled back to our cells no matter where we are at, including the law library."  *Id.*  While
21 petitioner may have been on lockdown for over seven months between 2003 and 2009 and may
22 have had his access to the law library cut short for security reasons at other times during that
23 period, petitioner has not described why he could not prepare his petition while on lockdown or in
24 the many, many months he was not locked down.  Petitioner also declares that, for most of 2010
25 he was housed at Soledad State Prison with limited law library access.  *Id.* at 26.  However,
26 petitioner concedes that he had law library access once or twice a week for half an hour and could
27 also use a paging system to request legal materials.  *Id.*  Petitioner's declaration does not show
28 that he lacked enough access to the law library between 2003 and 2010 to timely prepare his

federal petition. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that an inmate's housing in administrative segregation with limited law library access was not an extraordinary circumstance rendering it impossible for the inmate to timely file his federal petition).

As petitioner has not established a basis for a later start-date or for tolling of the limitations period, the motion to dismiss the petition for untimeliness must be granted.

### IV. Conclusion and Recommendation

For the reasons stated above, it is hereby RECOMMENDED that respondent's March 6, 2013 motion (ECF No. 14) be granted and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: November 6, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE